AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Sik Gaek, Inc. ) | |
| _____ ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. |
| Yogi's II., and Daniel Kim ) | **CV - 0 - 4077** |
| _____ ) | |
| Defendant ) | |

**SUMMONS IN A CIVIL ACTION**

ROSS, J.

To: *(Defendant's name and address)*

Yogi's II - 799 Abbott Blvd., Fort Lee, New Jersey, 07024

Daniel Kim - 121 West Central Blvd., Palisades Park, New Jersey, 07650

POHORELSKY, M.J.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Michael S. Kimm
Kimm Law Firm
41 Bancker Street
Englewood, NJ 07631

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT  ROBERT C. HE_____

Date: **SEP 0 7 2010**

_____
Signature of Clerk of Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIMM LAW FIRM
MICHAEL S. KIMM, ESQ. (MK4476)
FRANCIS LIU, ESQ.
41-W BANCKER STREET
ENGLEWOOD, NJ 07631
TEL: 201-569-2880
*Attorneys for plaintiff*

| | |
|---|---|
| SIK GAEK, INC., | 10-CV-_____ |
| Plaintiff, | |
| v. | Civil Action |
| YOGI'S II, INC., and DANIEL KIM, | |
| Defendants. | **Complaint with jury demand** |

Plaintiff Sik Gaek, Inc., for its complaint against the above-named defendants, states:

## THE PARTIES

1. Plaintiff Sik Gaek, Inc., is a business entity having its principal address at 161-29 Crocheron Avenue, Flushing, New York, in the Eastern District of New York.

2. Defendant Yogi's II, Inc., is a business entity in New Jersey which operates a Korean restaurant at 799 Abbott Boulevard, Fort Lee, New Jersey.

3. Defendant Daniel Kim is the primary shareholder of defendant Yogi's II,

1

Inc., and is being sued in this action under the federal law principles giving rise to personal liability for trademark infringement. Defendant Daniel Kim's address is at 121 West Central Blvd, Palisades Park, Bergen County, New Jersey.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. 1331 in that federal statutory law is implicated in this action, principally under the Lanham Act, 15 U.S.C. 1125 and other parts. The action is also subject to diversity jurisdiction in that the plaintiff is a New York citizen and domiciliary and all defendants are citizens and domiciliaries of New Jersey; and the amount in controversy is in excess of $75,000, exclusive costs and interests. There exists supplemental jurisdiction over certain claims, which are more fully set forth below, under 28 U.S.C. 1367, as they arise from a common nucleus of operative facts. Venue is proper because substantial events arose in this district.

## FACTS COMMON TO ALL CLAIMS

5. Plaintiff is the owner of a verbal and graphic trademark known as "Sik Gaek," as used in restaurants and other business categories. Plaintiff is engaged in the restaurant business and conducts substantial business in interstate commerce. As between the parties, defendants acknowledged in writing that plaintiff is the "exclusive owner" of the mark and that they did not have any ownership interest in

the mark.

6. In June 2007, the parties entered, negotiated, and duly entered into a Trademark Licensing Agreement whereby plaintiff granted a <u>use license</u> to defendant Yogi's II, Inc., for a stated term, in consideration of a specific sum of money, namely $2 million. (The Trademark License Agreement is proprietary and confidential and will be filed at a later time under <u>seal</u>, unless required to be filed generally by the Court.)

7. Subsequent to the execution of the agreement, defendant Yogi's II, Inc., failed to pay the license fee.

8. Thereupon, in a sinister scheme, defendants filed at least one trademark registration applications with the U.S. Patent and Trademark Office (PTO) seeking to establish the "Sik Gaek" mark as their "original" mark, asserting an ownership.

9. Such attempts to register the "Sik Gaek" trademark as defendants' own proprietary asset is fraudulent to the PTO; fraudulent to plaintiff; and specifically in violation of the express agreement between the parties.

## CLAIMS FOR RELIEF

### Count One – Breach of License Agreement

10. Paragraphs 1 through 9 are incorporated by reference.

11. By reason of the foregoing, defendant Yogi's II, Inc., breached its licensing

agreement with plaintiff.

## Count Two – Lanham Act

12. Paragraphs 1 through 11 are incorporated by reference.

13. By reason of the foregoing, defendants are in ongoing violation of the Lanham Act including section 43(a) thereof in that (A) they are violating plaintiff's trademark rights; (B) are engaged in unfair competition; and ( C) are engaged in false labeling and false advertising as to the source or affiliation with plaintiff and is thereby creating confusion or likelihood of confusion.

## Count Three – Personal Liability

14. Paragraphs 1 through 13 are incorporated by reference.

15. Defendants are jointly and severally liable for the violations.

## Count Four – State Law Conversion

16. Paragraphs 1 through 15 are incorporated by reference.

17. Defendants have wrongfully converted the proprietary asset of plaintiff, namely the Sik Gaek trademark, and have failed to return such property.

## Count Five – Unjust Enrichment

18. Paragraphs 1-17 are incorporated by reference.

19. This cause of action arises under the common law.

20. By the acts of the defendants complained of herein, defendants have been

unjustly enriched to the detriment of plaintiff through their use of the Sik Gaek trademark without payment.

21. Such acts benefit defendants at the expense of plaintiff.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. compensatory damages in the sum of $2,000,000.00;

B. punitive damages;

C. Provisional and final injunction;

D. legal fees; other professional fees; costs; and

E. any other relief the Court deems just and proper under the circumstances.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 30, 2010

_____
Michael S. Kimm