**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**

| | | |
|---|---|---|
| SIK GAEK, INC., | X | Case No. 1:13-cv-6624 |
| | X | |
| Plaintiff, | X | Judge: Hon. James F. Holderman |
| | X | |
| v. | X | **FILED** |
| | X | |
| YOGI'S II, INC. and DANIEL KIM, | X | SEP 3 0 2013 |
| | X | |
| Defendants. | X | THOMAS G. BRUTON |
| | X | CLERK, U S DISTRICT COURT |

**DECLARATION OF STEVE Y. RYU, ON BEHALF OF YOGI'S TWO INC.**
**OBJECTION TO MOTION TO ENFORCE A SUBPOENA**

STEVE Y. RYU, declares under penalty of perjury pursuant to 28 U.S.C. 1746:

1.     I am the sole owner and principal of Yogi's Two Inc., request copies of any and all papers filed in this case, and provide Yogi's Two's objection to a motion to enforce Sik Gaek Inc.'s subpoena upon Mr. Harris, who once represented Yogi's Two Inc.

2.     This objection is based on Rule 1.6 of the rules of professional conduct of Illinois (where Mr. Harris is based), New Jersey (where Yogi's Two and I are based), and New York (where this lawsuit apparently originated).

3.     Because Sik Gaek seeks to enforce a subpoena seeking information and files relating to Yogi's representation, I wish to invoke Rule 1.6 rights. The subpoena does not contain any parameters of the information and files sought. Nor does the subpoena show any safeguards to ensure that all Rule 1.6 information and files will in fact remain confidential under Rule 1.6.

4.     In Illinois, Rule 1.6 says that a "lawyer shall not, during or after the termination of the professional relationship with the client, use or reveal a confidence or secret of the client

known to the lawyer unless the client consents after disclosure." Yogi's Two Inc. never gave any consent whatsoever to Mr. Harris.

5.  In New York, Rule 1.6 says that a lawyer cannot "knowingly reveal confidential information, as defined in this rule, or use such information to the disadvantage of a client or for the advantage of the lawyer or a third person, unless: (1) the client gives informed consent, as defined in Rule 1.0(j); (2) the disclosure is impliedly authorized to advance the best interests of the client and is either reasonable under the circumstances or customary in the professional community." The information and files being sought, if disclosed, are a disadvantage for Yogi's because the information and files will give Sik Gaek an advantage over Yogi's in the case in New York: See below. Also, Yogi's never gave Mr. Harris consent to discuss or share any confidential information regarding the representation.

6.  In New York, the information covered under Rule 1.6 "consists of information gained during or relating to the representation of a client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that the client has requested be kept confidential." Without any parameters of the information and files being sought, and with no safeguards in place, Sik Gaek is trying to obtain or will obtain all such Rule 1.6 information and files.

7.  In New Jersey, Rule 1.6 says that a lawyer cannot "reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation." Yogi's never gave Mr. Harris any consent to discuss or share information or files regarding the representation. Because Mr. Harris no longer represents Yogi's, there are no impliedly authorized disclosures to carry out the representation.

8. No matter what state's Rule 1.6 applies here, the way Sik Gaek's subpoena is written obviously implicates information/files covered under Rule 1.6.

9. Also, even though Daniel Kim has no relation to Yogi's Two, Sik Gaek says in paragraph 3 of its New York complaint that Daniel Kim is apparently the "primary shareholder" of Yogi's Two. If so, then both Daniel Kim and I make up Yogi's control group and are equally entitled to protection under Rule 1.6. Please see <u>Consolidation Coal vs. Bucyrus-Erie</u>, 432 N.E.2d 250 (Illinois 1982).

10. When he represented Yogi's, Mr. Harris was provided confidential information about Yogi's former business and relationship to Sik Gaek. The business relationship became miserable and the business failed. This is why Sik Gaek sued Yogi's in the first place. Even though I signed contracts with Sik Gaek and guaranteed Yogi's performance, Sik Gaek did not sue me but it sued my best friend, Daniel Kim, instead. Sik Gaek never gave me or Yogi's a copy of the original lawsuit in New York: This is why Yogi's Two is not participating in the original case.

11. Part of the reason why Yogi's business failed is because Sik Gaek claimed in the beginning that it owned and then sold Yogi's an exclusive right to use Sik Gaek's special, lucrative, unique trademark, which turned out to be a complete lie: This is why trademark lawyer, Mr. Harris, became involved for Yogi's in the first place. And this is why Sik Gaek's motion includes a copy of Yogi's trademark registration by Mr. Harris. I am surprised that Sik Gaek and its lawyers apparently did not show Judge Holderman a copy of the contracts Sik Gaek made me sign: Perhaps Sik Gaek knows that any judge would clearly see that the contracts are suspicious on their face and decide this motion accordingly. As a layperson, however, I had no reason to doubt the contracts and Sik Gaek's representations: So I signed them.

12.     Anyhow, I do not want to divulge any more information about Yogi's and our relationship with Mr. Harris, but I hope Judge Holderman can see how this subpoena will hurt Yogi's, if Mr. Harris is ordered to comply with Sik Gaek's subpoena. This information gives Sik Gaek a huge unfair advantage in its New York case against Yogi's and my best friend.

13.     As Judge Halderman can see, the files and information being sought here, if disclosed in the manner set forth in Sik Gaek's subpoena, will prejudice Yogi's in the New York case because the information directly relates to Yogi's trial strategy and defenses. Also, my friend, Daniel Kim, requires Yogi's confidential information to continue his defense of the New York case.

14.     A plaintiff must have some reasonable evidence to sue someone in the first place. If Judge Holderman takes a look at the docket of Sik Gaek's New York case, the court will see that Sik Gaek has produced absolutely no evidence supporting the case in over two years. Sik Gaek now resorts to a subpoena on Yogi's lawyer to fish for any evidence to continue its case in New York, yet gives no compelling reasons to obtain Yogi's Rule 1.6 information and files. Sik Gaek's failure to serve Yogi's with its New York lawsuit is no coincidence.

15.     Judge Holderman, please reject the motion. Otherwise, please order Sik Gaek to do the deposition another way. For example, by written questions to Mr. Harris. This way, Mr. Harris can provide any non-Rule 1.6 information and files in a non-confrontational setting which could otherwise cause him to accidentally reveal Rule 1.6 information. Plus, this method will save everyone airfare and hotel expenses and is definitely less burdensome on everyone involved, including Yogi's and myself.

Date: 9/28/13

STEVE Y. RYU

# MY CERTIFICATE OF SERVICE

I hereby certify that on 09/28/13, I provided service to the persons listed below by the following means: Regular U.S. Mail

Thomas Park
Michael Kim
333 Sylvan Avenue #106
Englewood Cliffs NJ 07632

Peter Lee
Jim Nabli
60 East 42nd St #1101
New York NY 10165

Marcus Harris
10 S Lasalle Street #3500
Chicago IL 60603

Date: 9/28/13

STEVE Y. RYU
43 East Edsall Boulevard
Palisades Park, NJ 07650
steveyryu@gmail.com
(201) 937-7803