UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIK GAEK, INC., | |
| Plaintiff, | 1:13-cv-06624 |
| v. | |
| YOGI'S II, INC., and DANIEL KIM, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO HOLD THIRD-PARTY WITNESS MARC STEPHEN HARRIS IN CONTEMPT OF COURT AND AWARD FEES AND EXEPNSES**

KIMM LAW FIRM
THOMAS W. PARK, ESQ.
MICHAEL S. KIMM, ESQ.
333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NJ 07632
TEL: 201-569-2880
*Attorneys for plaintiff*

Dated: October 30, 2013

## PRELIMANRY STATEMENT

Plaintiff Sik Gaek, Inc., respectfully submits this memorandum of law in support of it's motion to hold third-party witness Marc Stephen Harris, Esq., in contempt of the court for failure to comply with a Court Order and an award of fees and expenses.

## FACTS AND PROCEDURAL HISTORY

In June 2007, the plaintiff and defendants entered, negotiated, and duly entered into a Trademark Licensing Agreement whereby plaintiff granted a use license to defendant Yogi's II, Inc., for a stated term, in consideration of a specific sum of money, namely $2 million.

Subsequent to the execution of the agreement, defendant Yogi's II, Inc., failed to pay the license fee. Thereupon, defendants filed several trademark registration applications with the U.S. Patent and Trademark Office (PTO) seeking to establish the "Sik Gaek" mark as their "original" mark, asserting an ownership.

Mr. Marc Stephen Harris ,Esq., located in Chicago, is a trademark lawyer who handled several "Sik Gaek" trademark applications for Yogi's II, Inc., in which defendant Daniel Kim signed one or more trademark applications as the "Owner" of the mark.

On or about July 26, 2013, we received a telephone call from Mr. Harris advising that he would not be complying with the subpoena served upon him by plaintiff's process sever on July 17, 2013, for undisclosed reasons.

On September 16, 2013, we filed a motion to enforce the subpoena served upon Mr.

Harris. ECF 1. Thereafter, on September 30, 2013, Steve Y. Ryu, an officer and shareholder of Yogi's II, Inc., filed a declaration in opposition to plaintiff's motion to enforce the subpoena served upon Mr. Harris. ECF 6. This opposition was stricken from the action.

On October 22, 2013, this Court entered an Order granting plaintiff's motion to enforce the subpoena and further ordered that Mr. Harris was to attend a deposition and produce documents on October 29, 2013, 12PM, at his office. ECF 13. However, Mr. Harris failed to comply with the Order.

We now file this motion to hold Marcus Stephen Harris, Esq., in contempt of the Court for his failure to comply with the subpoena and Order of October 22, 2013.

## LEGAL ARGUMENT

### I

**THE WITNESS, MARCUS STEPHEN HARRIS IS IN CONTEMPT OF THE COURT FOR HIS FAILURE TO COMPLY WITH THE ORDER OF OCTOBER 22, 2013**

Fed. R. Civ. P. Rule 45(e) provides:

> (e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Further, Fed. R. Civ. P. Rule 37(b)(1) provides:

> (b) Failure to Comply with a Court Order.
>
> (1) Sanctions in the District Where the Deposition Is Taken. If the court where the discovery is taken orders a deponent to be sworn or to

2

answer a question and the deponent fails to obey, the failure may be treated as contempt of court.

Here, this Court issued an Order on October 22, 2013, compelling third-party witness Marcus Stephen Harris, Esq., to appear for deposition at his office, 10 S. LaSalle Street, Suite 3500, Chicago, IL 60603-1025, at 12:00 p.m. on 10/29/13 and to produce at that time the documents requested in Attachment A of the subpoena. However, Mr. Harris failed to comply with the Order. A violation of a mere subpoena can trigger a court to hold a person in contempt of the court. However, in this case, Mr. Harris not only failed to obey the subpoena without an adequate excuse, but he also failed to obey a Court Order.

## **CONCLUSION**

For the foregoing reasons, the Court should grant plaintiff's motion to holding third-party witness Marcus Stephen Harris, Esq., in contempt of court, compelling the witness to produce the requested documents by the end of the week and attend a deposition next week, award fees and costs incurred in connection with the witness' failure to comply with the Order, and for such other relief the Court may find to be just and proper.

Dated: October 30, 2013                                         Respectfully submitted,

                                                                /s/ Thomas W. Park
                                                                Thomas W. Park