# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SIK GAEK, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>PARK, et al.,<br><br>    Defendants. | Case No. 1:13CV6624<br><br>Hon. James F. Holderman |

**DECLARATION OF MARCUS HARRIS UNDER 28 U.S. §1746**

I, Marcus Harris, declare as follows:

1. I am a resident of the State of Illinois and over the age of 18 years. I have personal knowledge of the facts set forth in this declaration, and if called to testify as a witness, I could competently testify to the facts.

2. I am an Illinois attorney and have been licensed to practice law since 1999. I have never been sanctioned by any court, have never been subject to attorney discipline, and have never been accused of malpractice.

3. On October 16, 2007, I filed federal trademark application numbers 77304837, 77304836, 77304835, 77304834, 77304833 on behalf of Yogi's II, Inc.

4. On July 17, 2013, I was served with a subpoena requesting my deposition and files related to the filing of the trademarks referenced above.

5. On or about July 26, 2013, I had a telephone call with Mr. Park to discuss taking my deposition. I informed him at that time that the information he sought was privileged and confidential. I also informed him that trademark filings are publicly available on the website of the USPTO.

1

6. During the July 26, 2013, telephone conference with Mr. Park, I never stated that I would not be complying with the subpoena. Nor did I have "undisclosed reasons" for questioning Mr. Park's wisdom in deposing me. I told Mr. Park that the reasons the deposition would be pointless is that all information sought is either privileged or public record.

7. Subsequent to the July 26, 2013 telephone conference, Mr. Park never sent me an email confirming his understanding of the conversation of July 26, 2013 that I would not be complying with the subpoena.

8. Mr. Park did not take my deposition on the scheduled date of July 29, 2013. I was available to be deposed and would have provided testimony and documents, which were not privileged.

9. I am a solo practitioner and my practice comprises mostly trademark filings and arbitrations. Nearly all of my communication is via email and telephone. I do not generally litigate in court and, during all relevant times, did not have any cases pending in any state or federal courts. My practice does not have any matters in which I expect to be served with regular (non-electronic) mail.

10. I perform most of my work from a computer at home. I also sublease a space with other attorneys at 10 S. LaSalle St., Suite 3500, IL 60603. I have my name on the door, collect mail, and can use a conference room or office at an hourly rate. I do not have a permanent dedicated office at that location and do not spend a great deal of time there.

11. I do not employ a secretary and answer my own telephone calls. The receptionist at 10 S. LaSalle does not work for me. She accepts incoming mail and

communications and puts them in my mailbox. The receptionist does not analyze incoming mail for its importance. The receptionist does not call me when a new piece of mail arrives. I always check my mail at that location but I do not do so every day.

12. No one from the Kim Law Firm ever called me to meet and confer prior to filing any motion to enforce the subpoena. Mr. Park did not say anything, during the July 26, 2013 telephone conference, or at any other time, about him seeking any court action with regards to the deposition.

13. Having reviewed my mailbox at 10 S. LaSalle St, I did not find any notice of Mr. Park's motion, (D.E.1) nor a copy of the Court's order (D.E.13), to enforce the subpoena in the above-identified case. Prior to October 29, 2013, I had no knowledge of Mr. Park's motion to enforce the subpoena or the court's order.

14. I diligently check my telephone and email address, and did not receive any telephone calls or emails from Mr. Park or the Kim Law Firm notifying me of the October 29 deposition. I do not employ a secretary or receptionist to answer my phone. I answer all telephone calls to my telephone number. Contrary to declaration of Mr. Park, that he spoke to my secretary on October 22, 2013, I did not receive any phone call on October 22, 2013, from Mr. Park. I have reviewed the log of phone calls made to my office line number: 312.263.0570, on October 22, 2013. The log shows phone call received from the following numbers: 773-233-9401, 207-846-8047 and 312-972-9656. Area code 207 belongs to north of Maine. None of the above-identified phone numbers belong to Mr. Park, whose phone number is 201.569.2880 and whose cell phone number is 267.600.8183.

3

15. I was out of the office and on vacation the week of October 22, 2013, celebrating his father's 70th birthday with my family in New York City. I was on vacation when Mr. Park allegedly sent a fax to the office advising of the court order on October 22, 2013. I never received any emails from Mr. Park notifying me of the Court's order or the new deposition date.

16. I first had knowledge of the Court's order, and the deposition date of October 29, on October 29, 2013 at 12:41 pm, when the office suite receptionist called me and told me that an attorney and court reporter were waiting in the office suite, and then handed the telephone to Mr. Park.

17. On October 29, while speaking with Mr. Park on the telephone, I informed Mr. Park that I was working from home and could meet him at my office by 2pm. I intended to rush to the office and submit to the deposition. Mr. Park told me that he needed to catch an EL train back to the airport at 1pm. Mr. Park refused to stay and take my deposition.

18. I offered to drive Mr. Park to the airport so that the deposition could proceed. Mr. Park refused.

19. I offered to be deposed on the spot via telephone so that the deposition could proceed. Mr. Park refused.

20. On October 29, 2013, I would have been able to gather the documents that Mr. Park requested in only a few minutes.

21. During my telephone conversation with Mr. Park on October 29, 2013, I did not tell Mr. Park that I was aware of the Court Order. I told Mr. Park the opposite: That I had no knowledge of the court order but, now that he was aware, I would

4

rush to meet him and would comply with the Court Order.

22. That day, October 29. 2013, I attempted to send Mr. Park an email advising of my availability to be deposed that same week and requested his email address so that I could send him any documentation I might have that may be responsive to his document requests. Unable to find an email address for Mr. Park, I faxed him a letter. Mr. Park did not respond. That letter is attached as Exhibit D.

23. On October 30, 2013 I called Mr. Park, but he would not speak to me. That same day I sent Mr. Park a letter via fax advising him that I was available to be deposed and again requesting his email address. Mr. Park did not respond.

24. At no point prior to the filing of the contempt petition, did anyone form the Kim Law Firm speak with either me or with any of my attorneys. They did not meet and confer with us prior to the filing of the contempt petition.

25. The Kim Law Firm has not responded to any of the documents that I have sent them, or communicated with me after I sent said documents.

26. At no point prior, to October 29, 2013 at 12:41 pm did I have any knowledge of the Court's order regarding the deposition. Upon learning of the Court's order, I have done everything that I can possibly do to comply.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 5, 2013

/Marcus Harris/
Marcus S. Harris

5