# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

KIMM LAW FIRM
MICHAEL S. KIMM, ESQ. (MK4476)
THOMAS W. PARK, ESQ.
333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NJ 07632
TEL: 201-569-2880
*Attorneys for plaintiff*

SIK GAEK, INC.,

Plaintiff,

v.

YOGI'S II, INC., and DANIEL KIM,

Defendants.

1:13-CV-06624

**Declaration of Thomas W. Park, Esq., in Support of Plaintiff's Motion to Hold Third-Party Witness Marcus Stephen Harris, Esq., in Contempt of Court, and an Award of Fees and Expenses**

THOMAS W. PARK, ESQ., declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney for plaintiff Sik Gaek, Inc., and I make this declaration in support of plaintiff's motion to hold third-party witness Marcus Stephen Harris, Esq., in contempt of court for failure to comply with the Order of October 22, 2013 and an award of fees and expenses incurred in connection with the witness' failure to comply with the Order.

2.  To put the matter in proper context, in June 2007, the plaintiff and defendants entered, negotiated, and duly entered into a Trademark Licensing Agreement whereby plaintiff granted a use license to defendant Yogi's II, Inc., for a stated term, in consideration of a specific sum of money, namely $2 million.

3.  Subsequent to the execution of the agreement, defendant Yogi's II, Inc., failed to pay the license fee. Thereupon, defendants filed several trademark registration applications with the U.S. Patent and Trademark Office (PTO) seeking to establish the "Sik Gaek" mark as their "original" mark, asserting an ownership. Thereafter, plaintiff filed a complaint against defendants for trademark infringement in the United States District Court for the Eastern District of New York. A true and correct copy of the complaint is annexed hereto as Exhibit 1.

4. Mr. Harris, located in Chicago, is a trademark lawyer who handled several "Sik Gaek" trademark applications for Yogi's II, Inc., in which defendant Daniel Kim executed one or more trademark applications as the "Owner" of the mark.  See Exhibit 2.

5. On July 17, 2013, Mr. Harris was served with a subpoena for deposition and production of documents. A true and correct copy of the subpoena and affidavit of service are annexed hereto as Exhibit 3.

6. On or about July 26, 2013, we received a telephone call from Mr. Harris advising that he would not be complying with the subpoena served upon him by plaintiff's process server.

7. On September 16, 2013, I filed a motion to enforce the subpoena served upon Mr. Harris. ECF 1.

8. On September 30, 2013, Steve Y. Ryu, an officer and shareholder of Yogi's II, Inc., filed a declaration in opposition to plaintiff's motion to enforce the subpoena served upon Mr. Harris. ECF 6. This opposition was stricken from the matter.

9. On October 22, 2013, this Court entered an Order granting plaintiff's motion to enforce the subpoena and further ordered that Mr. Harris was to attend a deposition and produce documents on October 29, 2013, 12PM, at his office. ECF 13. Also on October 22, 2013, I called Mr. Harris' office to inform him of the Order, and when I was told that he was unavailable, I informed his secretary of the Order.

10. On October 23, 2013, I sent a letter along with the copy of the Order to Mr. Harris by mail and facsimile. A true and correct copy of the letter with the facsimile transmission confirmation is annexed hereto as Exhibit 4.

11. In reliance on the absence of an objection filed by Mr. Harris, on October 25, 2013, I booked a round trip flight to Chicago. A true and correct copy of the receipt is annexed hereto as Exhibit 5.

12. On October 28, 2013, I faxed a letter to Mr. Harris, confirming that the deposition would take place in accordance with the Order of October 22, 2013. A true and correct copy of the letter with the facsimile transmission confirmation is annexed hereto as Exhibit 6.

13. On October 29, 2013, I arrived at Mr. Harris' office at 11:45AM and advised his

staff. The receptionist stated that Mr. Harris had not yet arrived. I was kept waiting along with the court reporter.

14. At 12:30PM I asked the receptionist about Mr. Harris' whereabouts. The receptionist called Mr. Harris and handed me the phone. During our conversation, Mr. Harris stated he was aware of the Court Order and would be willing to do a deposition, but he stated was unavailable at the moment and it would take him at least one hour or more to arrive at his office. Further, he admitted that no steps were taken to comply with the Order as to the documents.

15. I informed him that a deposition would be meaningless without the requested documents and the time it would take for him to arrive and then go through his files to locate the requested documents would deprive plaintiff of an adequate and fair opportunity to depose the witness. I stated that if he did not arrive by 1PM then it would be treated as a "no show." He refused to comply.

16. It is my understanding that my office received a letter from Mr. Harris by facsimile around 9PM on October 29, 2013. A true and correct copy of the letter is annexed hereto as Exhibit 7. It appears that it would have taken no longer than 30 minutes to prepare the letter, which alludes to the fact that Mr. Harris did not even pick up the pen until 7:30 PM at the earliest, conveying his failure to perceive the importance of the Court Order. In his letter, Mr Harris tries to traduce the facts to make it appear has though he was attempting to comply with the subpoena and Court Order. The only reason there was no compliance was because

Mr. Harris failed to heed the subpoena and Court Order. Annexed hereto as Exhibit 8 is the docket report for this matter. As the Court can clearly see, plaintiff has exerted much time and effort due to Mr. Harris's inexcusable failure to comply with the subpoena.

17. The cost of the flight for attending the deposition was $351.60; the expense for taking the CTA Blue Line from O'Hare International Airport to Mr. Harris's office and back was $8.00; the fee for car service from my home to Laguardia International Airport and back home was $80.00; the fee for tolls was $13.00 for the George Washington Bridge and $7.50 for the Tri-boro Bridge; the fee for the court reporter's appearance was $150.00; my hourly fee is $250.00 and the total hours expended to attend the deposition were 18 hours, amounting to $4,500.00 in attorney's fees; and 7 hours for preparing this motion (review of case file, review of ECF docket and previous filings, review of Mr. Harris' letter, research for motion, drafting declaration, drafting memorandum of law, drafting of notice of motion and motion, filing the motion), amounting to $1,750.00; for a total amount of $6,860.10 in fees and costs incurred in connection with the Mr. Harris' failure to comply with the Court Order.

WHEREFORE, plaintiff, Sik Gaek, Inc., respectfully requests that this Court enter an Order holding third-party witness Marcus Stephen Harris, Esq., in contempt of court, compelling the witness to produce the requested documents by the end of the week and attend a deposition next week, award fees and expenses incurred in connection with the witness' failure to comply with the Order, and for such other relief the Court may find to be

just and proper.

Dated: Englewood Cliffs, NJ
      October 30, 2013                /s/ Thomas W. Park
                                    Thomas W. Park

# EXHIBIT 1

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

Sik Gaek, Inc.

*Plaintiff*

v.

Yogi's II., and Daniel Kim

*Defendant*

Civil Action No. CV - 0 - 4077

ROSS, J.

POHORELSKY, M.J.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Yogi's II - 799 Abbott Blvd., Fort Lee, New Jersey, 07024

Daniel Kim -121 West Central Blvd., Palisades Park, New Jersey, 07650

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael S. Kimm
Kimm Law Firm
41 Bancker Street
Englewood, NJ 07631

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

ROBERT C. HEINEMANN

*CLERK OF COURT*

Date: SEP 07 2010

[signature]

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIMM LAW FIRM
MICHAEL S. KIMM, ESQ. (MK4476)
FRANCIS LIU, ESQ.
41-W BANCKER STREET
ENGLEWOOD, NJ 07631
TEL: 201-569-2880
*Attorneys for plaintiff*

| | |
|---|---|
| SIK GAEK, INC., Plaintiff, v. YOGI'S II, INC., and DANIEL KIM, Defendants. | 10-CV-__________ Civil Action **Complaint with jury demand** |

Plaintiff Sik Gaek, Inc., for its complaint against the above-named defendants, states:

## THE PARTIES

1. Plaintiff Sik Gaek, Inc., is a business entity having its principal address at 161-29 Crocheron Avenue, Flushing, New York, in the Eastern District of New York.

2. Defendant Yogi's II, Inc., is a business entity in New Jersey which operates a Korean restaurant at 799 Abbott Boulevard, Fort Lee, New Jersey.

3. Defendant Daniel Kim is the primary shareholder of defendant Yogi's II,

Inc., and is being sued in this action under the federal law principles giving rise to personal liability for trademark infringement. Defendant Daniel Kim's address is at 121 West Central Blvd, Palisades Park, Bergen County, New Jersey.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. 1331 in that federal statutory law is implicated in this action, principally under the Lanham Act, 15 U.S.C. 1125 and other parts. The action is also subject to diversity jurisdiction in that the plaintiff is a New York citizen and domiciliary and all defendants are citizens and domiciliaries of New Jersey; and the amount in controversy is in excess of $75,000, exclusive costs and interests. There exists supplemental jurisdiction over certain claims, which are more fully set forth below, under 28 U.S.C. 1367, as they arise from a common nucleus of operative facts. Venue is proper because substantial events arose in this district.

## FACTS COMMON TO ALL CLAIMS

5. Plaintiff is the owner of a verbal and graphic trademark known as "Sik Gaek," as used in restaurants and other business categories. Plaintiff is engaged in the restaurant business and conducts substantial business in interstate commerce. As between the parties, defendants acknowledged in writing that plaintiff is the "exclusive owner" of the mark and that they did not have any ownership interest in

the mark.

6. In June 2007, the parties entered, negotiated, and duly entered into a Trademark Licensing Agreement whereby plaintiff granted a use license to defendant Yogi's II, Inc., for a stated term, in consideration of a specific sum of money, namely $2 million. (The Trademark License Agreement is proprietary and confidential and will be filed at a later time under seal, unless required to be filed generally by the Court.)

7. Subsequent to the execution of the agreement, defendant Yogi's II, Inc., failed to pay the license fee.

8. Thereupon, in a sinister scheme, defendants filed at least one trademark registration applications with the U.S. Patent and Trademark Office (PTO) seeking to establish the "Sik Gaek" mark as their "original" mark, asserting an ownership.

9. Such attempts to register the "Sik Gaek" trademark as defendants' own proprietary asset is fraudulent to the PTO; fraudulent to plaintiff; and specifically in violation of the express agreement between the parties.

## CLAIMS FOR RELIEF

### Count One – Breach of License Agreement

10. Paragraphs 1 through 9 are incorporated by reference.

11. By reason of the foregoing, defendant Yogi's II, Inc., breached its licensing

agreement with plaintiff.

**Count Two – Lanham Act**

12. Paragraphs 1 through 11 are incorporated by reference.

13. By reason of the foregoing, defendants are in ongoing violation of the Lanham Act including section 43(a) thereof in that (A) they are violating plaintiff's trademark rights; (B) are engaged in unfair competition; and ( C) are engaged in false labeling and false advertising as to the source or affiliation with plaintiff and is thereby creating confusion or likelihood of confusion.

**Count Three – Personal Liability**

14. Paragraphs 1 through 13 are incorporated by reference.

15. Defendants are jointly and severally liable for the violations.

**Count Four – State Law Conversion**

16. Paragraphs 1 through 15 are incorporated by reference.

17. Defendants have wrongfully converted the proprietary asset of plaintiff, namely the Sik Gaek trademark, and have failed to return such property.

**Count Five – Unjust Enrichment**

18. Paragraphs 1-17 are incorporated by reference.

19. This cause of action arises under the common law.

20. By the acts of the defendants complained of herein, defendants have been

unjustly enriched to the detriment of plaintiff through their use of the Sik Gaek trademark without payment.

21. Such acts benefit defendants at the expense of plaintiff.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. compensatory damages in the sum of $2,000,000.00;

B. punitive damages;

C. Provisional and final injunction;

D. legal fees; other professional fees; costs; and

E. any other relief the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: August 30, 2010

Michael S. Kimm

# EXHIBIT 2



## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:** 77/304837

**MARK:** SIK GAEK

*77304837*

**CORRESPONDENT ADDRESS:**
MARCUS STEPHEN HARRIS
MARCUS STEPHEN HARRIS LLC
10 S LASALLE ST STE 3500
CHICAGO, IL 60603-1025

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT:** YOGI'S TWO, INC.

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
N/A

**CORRESPONDENT E-MAIL ADDRESS:**
mharris@mshtechlaw.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE: 1/28/2008**

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis.

| TOTAL FEE PAID | 275 |
| --- | --- |
| SIGNATURE INFORMATION | |
| SIGNATURE | /Daniel Kim/ |
| SIGNATORY'S NAME | Daniel Kim |
| SIGNATORY'S POSITION | Owner |
| DATE SIGNED | 10/15/2007 |

---

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2008)

## Trademark/Service Mark Application, Principal Register

### TEAS Plus Application

**Serial Number: 77304837**
**Filing Date: 10/16/2007**

## To the Commissioner for Trademarks:

MARK: SIK GAEK (Standard Characters, see mark)
The literal element of the mark consists of SIK GAEK.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, YOGI'S TWO, INC., a corporation of New Jersey, having an address of
799 Abbott Boulveard
Fort Lee, New Jersey 07024
United States
requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 043: Restaurant services

Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

In International Class 043, the mark was first used at least as early as 06/01/2005, and first used in commerce at least as early as 06/01/2005, and is now in use in such commerce. The applicant is submitting one specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) scanned image of menu.

**Original PDF file:**
spec-20612321120-004028958 . SPEC2.pdf
**Converted PDF file(s)** (1 page)
Specimen File1

The applicant hereby appoints Marcus Stephen Harris of Marcus Stephen Harris LLC
Suite 3500
10 S. LaSalle Street
Chicago, Illinois 60603
United States
to submit this application on behalf of the applicant.

Correspondence Information: Marcus Stephen Harris
Suite 3500
10 S. LaSalle Street
Chicago, Illinois 60603
312-263-0570(phone)
312-577-0928(fax)
mharris@mshtechlaw.com (authorized)

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Daniel Kim/ Date Signed: 10/15/2007
Signatory's Name: Daniel Kim
Signatory's Position: Owner

If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

The assigned trademark examining attorney has reviewed the referenced application and has determined the following:

No Conflicting Marks Noted
The examining attorney has searched the Office records and has found no similar registered or pending mark which would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d). TMEP §704.02.

Significance of SIK GAEK
The applicant must indicate whether "SIK GAEK" has any significance in the relevant trade, any geographical significance, or any meaning in a foreign language. 37 C.F.R. §2.61(b).

Translation of Foreign Wording in the Mark
Applicant must submit an English translation of all foreign wording in the mark. 37 C.F.R. §2.61(b); TMEP §809. In the present case, the wording "SIK GAEK" needs translating for the record. The following translation statement is suggested: "The English translation of the word SIK GAEK in the mark is ________ [SPECIFY]."

Mark on Drawing and Specimen Do Not Match – Not Material
The mark depicted on the drawing disagrees with the mark on the specimen. In this case, the drawing displays the mark as SIK GAEK, while the specimen shows the mark as SIKGAEK (no space between the terms).

The mark shown on the drawing must be a substantially exact representation of the mark as used on or in connection with the goods and/or services, as shown by the specimen. 37 C.F.R. §2.51(a); *see* C.F.R. §2.72(a)(1).

Therefore, applicant must submit one of the following:

(1) A new drawing of the mark that agrees with the mark on the specimen but does not materially alter the original mark; 37 C.F.R. §2.72(a); TMEP §§807.14 *et seq.*; or

(2) A substitute specimen that shows use of the mark that appears on the drawing, and the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: **"The substitute specimen was in use in commerce at least as early as the filing date of the application."** 37 C.F.R. §2.59(a); TMEP §904.05. If submitting a specimen requires an amendment to the dates of use, applicant must also verify the amended dates. 37 C.F.R. §2.71(c).

If applicant cannot satisfy the above requirements, applicant may amend the Section 1(a) filing basis (use in commerce) to Section 1(b) (intent to use basis), for which no specimen is required. However, should applicant amend the basis to Section 1(b), registration cannot be granted until applicant later

amends the application back to use in commerce by filing an acceptable allegation of use with a proper specimen. 15 U.S.C. §1051(c); 37 C.F.R. §§2.76, 2.88; TMEP Chapter 1100.

In order to amend to Section 1(b), applicant must submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**Applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the filing date of the application.**" 15 U.S.C. §1051(b); 37 C.F.R. §§2.34(a)(2), 2.35(b)(1); TMEP §806.01(b).

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Gina M. Fink/
Trademark Attorney - Law Office 109
Phone: (571) 272-9275
Law Office 109 Fax: (571) 273-9109

**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office action should be filed using the form available at http://www.uspto.gov/teas/eTEASpageD.htm. If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification. **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses.**

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response. Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov. When conducting an online status check, print and maintain a copy of the complete TARR screen. If the status of your application has not changed for more than six months, please contact the assigned examining attorney.

# EXHIBIT 3

# Affidavit of Process Server

SIK GAEK, INC. vs YOGI'S II, INC

Plaintiff/Petitioner — Defendant/Respondent — Case#

Being duly sworn, on my oath, I Christopher Moss

declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served MARCUS STEPHEN HARRIS

NAME OF PERSON/ENTITY BEING SERVED

with the (documents) ☒ Subpoena with $ 40.00 witness fee and mileage

☐

by serving (NAME) Colleen Graham, Receptionist, Authorized to Accept Service by Marcus S. Harris, Esq.

at ☐ Home

☒ Business 10 S. LaSalle St., Suite 3500, Chicago, IL

☒ on (DATE) July 17, 2013 at (TIME) 12:20 PM

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE)

From (CITY) (STATE)

**Manner of Service:**

☐ By Personal Service

☒ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely, Colleen Graham, Receptionist

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Evading ☐ Other:

☐ Address does not exist ☐ Service cancelled by litigant

☐ Moved, Left no forwarding ☐ Unable to serve in a timely fashion

**Service Attempts:** Service was attempted on: ( ) DATE TIME, ( ) DATE TIME, ( ) DATE TIME

( ) DATE TIME, ( ) DATE TIME, ( ) DATE TIME, ( ) DATE TIME

**Description:**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☒ 21-35 Yrs. | ☐ 5'-5'3" | ☒ 100-130 Lbs. |
| | ☐ Brown Skin | ☒ Blond Hair | | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| ☐ Glasses | ☐ Yellow Skin | ☐ Gray Hair | ☐ Mustache | ☐ 51-65 Yrs. | ☐ 5'9"-6' | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Beard | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES:

State of Illinois County of Cook

[signature]

SERVED BY

LASALLE PROCESS SERVERS

ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

Subscribed and sworn to before me

A notary public, this 17 day of July, 2013

OFFICIAL SEAL
ANDREW RAPHAEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/17/15

Notary Public

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| SIK GAEK, INC. *Plaintiff* | ) | |
| v. | ) | Civil Action No. 10-CV-4077 (ARR)(VVP) |
| YOGI'S II, INC. and DANIEL KIM *Defendant* | ) | (If the action is pending in another district, state where: Eastern District of New York ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Marcus Stephen Harris, Esq., Marcus Stephen Harris, LLC, 10 S. LaSalle Street, Suite 3500 Chicago, IL 60603-1025

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Your office | Date and Time: 07/29/2013 12:00 pm |
|---|---|

The deposition will be recorded by this method: Stenographic and/or video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/17/2013

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* SIK GAEK, INC., who issues or requests this subpoena, are:

Michael S. Kimm & Francesco A. Savoia, Kimm Law Firm, 333 Sylvan Avenue, Suite 106, Englewood Cliffs, NJ 07632

Subpoena to Marcus Stephen Harris, LLC
Attachment A

**INSTRUCTIONS AND DEFINITIONS**

All instructions in the Eastern District Local Rules are adopted by reference.

If any document or information is not being produced by defendant, then the basis of non-production should be stated in defendant's responses.

If a privilege is claimed, describe the nature of the privilege and identify the document(s) or information which is being sought to be insulated by such privilege.

"Document" or "documents" includes all documents, without limitation, files, computer files, notes, memos, letters, accounting reports, memoranda, hand-written or in documentary form or in computer data or metadata form. Document also means audio or video recordings as they exist with or without transcription.

"Relating to" or "relate" means supporting or evidencing or relating to.

"Assignment(s)" refers to the two trademark assignments at issue in this litigation.

"Licensing agreement" refers to the one licensing agreement at issue in this litigation.

**DOCUMENTS REQUESTED**

All documents relating to:

1. All trademark filing file relating to "Sik Gaek" or "sikgaek" trademark, as a single letter, two letters, logo, independent, or part of a mark.

2. All trademark filing file relating to any trademark filed by Daniel Kim and/or Yogi's II, Inc.

3. Any documents relating to licensing, assignment, or other transfer of any Sik Gaek" or other trademark by Daniel Kim and/or Yogi's II, Inc.

[end]

# EXHIBIT 4

# KIMM LAW FIRM

333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
Tel 201-569-2880
Fax 201-569-2881

PLEASE RESPOND TO NJ

11 E. 44th Street, Suite 1400
New York, New York 10017
Writer's Email:

October 23, 2013

By mail and fax: (312) 577-0928

Marcus Stephen Harris, Esq.
Marcus Stephen Harris, LLC
10 S. LaSalle Street, Suite 3500
Chicago, IL 60603-1025

Re: Sik Gaek, Inc. v. Yogi's II, Inc., and Daniel Kim; 13-CV-6624
EDNY No. 10-CV-4077 (ARR)(VVP)

Dear Mr. Harris:

Please be advised that the Court has granted plaintiff's motion to enforce the subpoena, dated 7/17/13, and issued an order compelling you to appear for deposition at your office, 10 S. LaSalle Street, Suite 3500, Chicago, IL 60603-1025, at 12:00 p.m. on 10/29/13 and to produce at that time the documents requested in Attachment A of the subpoena. Please see attached, ECF 13. Also attached hereto is a copy of the subpoena for your reference.

Very truly yours,

Thomas W. Park

Enc.
cc: Jim El Nabli, Esq. (By email)
Peter Y. Lee, Esq. (By email)

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 5.1.1**
**Eastern Division**

Sik Gaek, Inc.
Plaintiff,
v.
Daniel Kim, et al.
Defendant.

Case No.: 1:13–cv–06624
Honorable James F. Holderman

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 22, 2013:

MINUTE entry before Honorable James F. Holderman: On September 30, 2013, an objection to the pending motion to enforce subpoena was filed on behalf of Yogi's II, Inc., a/k/a Yogi's Two, Inc., by officer and shareholder Steve Y. Ryu [6]. Because Mr. Ryu is not a licensed attorney, and "a corporation may appear in the federal courts only through licensed counsel," Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993), Sik Gaek, Inc.'s motion to strike the declaration of Steve Y. Ryu [10] is granted and the briefing schedule set by the court on 10/15/13 is vacated. No other objections to Sik Gaek's motion to enforce subpoena have been filed. The court therefore grants Sik Gaek's motion to enforce subpoena [7] and orders attorney Marcus Stephen Harris to appear for deposition at his own law offices, 10 S. LaSalle Street, Suite 3500, Chicago, IL 60603–1025, at 12:00 p.m. on 10/29/13 and to produce at that time the documents requested in Attachment A of the subpoena issued under this court's jurisdiction on 7/17/13 [1–2]. Motion hearing date of 10/24/13 is stricken. Notice mailed by judge's staff (ntf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

SIK GAEK, INC.
*Plaintiff*
v.
YOGI'S II, INC. and DANIEL KIM
*Defendant*

Civil Action No. 10-CV-4077 (ARR)(VVP)

(If the action is pending in another district, state where: Eastern District of New York )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Marcus Stephen Harris, Esq., Marcus Stephen Harris, LLC, 10 S. LaSalle Street, Suite 3500 Chicago, IL 60603-1025

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Your office | Date and Time: 07/29/2013 12:00 pm |
|---|---|

The deposition will be recorded by this method: Stenographic and/or video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/17/2013

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

_______________________
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* SIK GAEK, INC., who issues or requests this subpoena, are:

Michael S. Kimm & Francesco A. Savoia, Kimm Law Firm, 333 Sylvan Avenue, Suite 106, Englewood Cliffs, NJ 07632

Subpoena to Marcus Stephen Harris, LLC
Attachment A

## INSTRUCTIONS AND DEFINITIONS

**All instructions in the Eastern District Local Rules are adopted by reference.**

**If any document or information is not being produced by defendant, then the basis of non-production should be stated in defendant's responses.**

**If a privilege is claimed, describe the nature of the privilege and identify the document(s) or information which is being sought to be insulated by such privilege.**

**"Document" or "documents" includes all documents, without limitation, files, computer files, notes, memos, letters, accounting reports, memoranda, hand-written or in documentary form or in computer data or metadata form. Document also means audio or video recordings as they exist with or without transcription.**

**"Relating to" or "relate" means supporting or evidencing or relating to.**

"Assignment(s)" refers to the two trademark assignments at issue in this litigation.

"Licensing agreement" refers to the one licensing agreement at issue in this litigation.

## DOCUMENTS REQUESTED

All documents relating to:

1. All trademark filing file relating to "Sik Gaek" or "sikgaek" trademark, as a single letter, two letters, logo, independent, or part of a mark.

2. All trademark filing file relating to any trademark filed by Daniel Kim and/or Yogi's II, Inc.

3. Any documents relating to licensing, assignment, or other transfer of any Sik Gaek" or other trademark by Daniel Kim and/or Yogi's II, Inc.

[end]

FOR SECURITY PURPOSES, THE FACE OF THIS DOCUMENT CONTAINS A COLORED BACKGROUND AND MICROPRINTING IN THE BORDER

Michael S. Kimm
333 Sylvan Avenue Suite 106
Englewood Cliffs NJ 07632

TD Bank NA
111 River Street
Hackensack NJ 07601

55-95/212/55

12625

7/16/2013

Pay to the Order of Marcus Stephen Harris, Esq.

Exactly
Forty and 00/100***** Dollars

$40.00*

Memo: Subpoena fee, Sik Gaek, Inc., v. Daniel Kim et al., EDNY

SECURITY LOCKS WILL DISAPPEAR WHEN COPIED OR WITH NORMAL BODY HEAT

⑈012625⑈ ⑆031201360⑆ 3451472155⑈

Record of Payment Check: 12625 Payee: Marcus Stephen Harris, Esq. 7/16/2013

Michael S. Kimm Attorney Business Acco Subpoena fee, Sik Gaek, Inc., v. Daniel Kim et al., EDN $40.00*

Record of Payment Check: 12625 Payee: Marcus Stephen Harris, Esq. 7/16/2013

Michael S. Kimm Attorney Business Acco Subpoena fee, Sik Gaek, Inc., v. Daniel Kim et al., ED $40.00*

# KIMM LAW FIRM

333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NEW JERSEY 07632
TEL: 201-569-2880
FAX: 201-569-2881

PLEASE REPLY TO ENGLEWOOD CLIFFS

11 E. 44TH STREET, SUITE 1400
NEW YORK, NEW YORK 10017

**FAX COVER PAGE**

ATTN: Marcus Stephen Harris, Esq.

FAX NO.: 312-577-0928

Re: Sik Gaek Inc. v. Yogi's II, Inc.10-CV-4077

DATE: October 23, 2013

TOTAL NUMBER OF PAGES (with cover): 6

NOTES:

**CONFIDENTIALITY NOTICE. This transmission is private, confidential and may be legally privileged. It is intended solely for the named recipient or an authorized representative. If you have received this transmission in error, please call us and we will arrange for pick up at our expense. THANK YOU.**

*********************
*** FAX TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| JOB NO. | 0107 |
| DESTINATION ADDRESS | 13125770928 |
| PSWD/SUBADDRESS | |
| DESTINATION ID | |
| ST. TIME | 10/23 12:28 |
| USAGE T | 02' 55 |
| PGS. | 6 |
| RESULT | OK |

# KIMM LAW FIRM

333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NEW JERSEY 07632
TEL: 201-569-2880
FAX: 201-569-2881

PLEASE REPLY TO ENGLEWOOD CLIFFS

11 E. 44TH STREET, SUITE 1400
NEW YORK, NEW YORK 10017

## FAX COVER PAGE

ATTN: Marcus Stephen Harris, Esq.

FAX NO.: 312-577-0928

Re: Sik Gaek Inc. v. Yogi's II, Inc.10-CV-4077

DATE: October 23, 2013

TOTAL NUMBER OF PAGES (with cover): 6

NOTES:

**CONFIDENTIALITY NOTICE. This transmission is private, confidential and may be legally privileged. It is intended solely for the named recipient or an authorized representative. If you have received this transmission in error, please call us and we will arrange for pick up at our expense. THANK YOU.**

# EXHIBIT 5



English
12 hrs display

Save as PDF Print eTicket

# eTicket Receipt

**Prepared For**

PARK/THOMAS W

| | |
|---|---|
| RESERVATION CODE | CTPWGC |
| ISSUE DATE | 25Oct2013 |
| TICKET NUMBER | 0377315135769 |
| INVOICE NUMBER | 0023736 |
| ISSUING AIRLINE | US AIRWAYS |
| ISSUING AGENT | AAY |
| ISSUING AGENT LOCATION | FORT LEE NJ |
| IATA NUMBER | 31543772 |

## Itinerary Details

| TRAVEL DATE | AIRLINE | DEPARTURE | ARRIVAL | OTHER NOTES |
|---|---|---|---|---|
| **29Oct13** | US AIRWAYS<br>US 1909 | NEW YORK LGA, NY<br><br>Time<br>6:00am<br>Terminal<br>TERMINAL C | PHILADELPHIA, PA<br><br>Time<br>6:58am<br>Terminal<br>TERMINAL B | Airline Reservation Code BPXS4K<br>Class COACH<br>Seat Number CHECK-IN REQUIRED<br>Baggage Allowance NIL<br>Booking Status CONFIRMED<br>Fare Basis UXA0NA4P<br>Not Valid Before 29 OCT<br>Not Valid After 29 OCT |
| **29Oct13** | US AIRWAYS<br>US 785 | PHILADELPHIA, PA<br><br>Time<br>7:45am<br>Terminal<br>TERMINAL B | CHICAGO OHARE, IL<br><br>Time<br>9:08am<br>Terminal<br>TERMINAL 2 | Airline Reservation Code BPXS4K<br>Class COACH<br>Seat Number 32C<br>Baggage Allowance NIL<br>Booking Status CONFIRMED<br>Fare Basis UXA0NA4P<br>Not Valid Before 29 OCT<br>Not Valid After 29 OCT |
| **29Oct13** | US AIRWAYS<br>US 895 | CHICAGO OHARE, IL<br><br>Time<br>6:55pm<br>Terminal<br>TERMINAL 2 | PHILADELPHIA, PA<br><br>Time<br>9:51pm<br>Terminal<br>TERMINAL B | Airline Reservation Code BPXS4K<br>Class COACH<br>Seat Number CHECK-IN REQUIRED<br>Baggage Allowance NIL<br>Booking Status CONFIRMED<br>Fare Basis KXA0NA4P<br>Not Valid Before 29 OCT<br>Not Valid After 29 OCT |
| **29Oct13** | US AIRWAYS<br>US 2082 | PHILADELPHIA, PA<br><br>Time<br>10:54pm<br>Terminal | NEW YORK LGA, NY<br><br>Time<br>11:41pm<br>Terminal | Airline Reservation Code BPXS4K<br>Class COACH<br>Seat Number 16C<br>Baggage Allowance NIL<br>Booking Status CONFIRMED<br>Fare Basis KXA0NA4P<br>Not Valid Before 29 OCT |

| | | TERMINAL B | TERMINAL C | Not Valid After 29 OCT |
|---|---|---|---|---|

## Allowances

### Baggage Allowance

LGA to ORD - 0 Pieces US AIRWAYS

Prices of additional baggage pieces:

1. 25.00 USD up to 50 pounds/23 kilograms and up to 62 linear inches/158 linear centimeters
2. 35.00 USD up to 50 pounds/23 kilograms and up to 62 linear inches/158 linear centimeters

ORD to LGA - 0 Pieces US AIRWAYS

Prices of additional baggage pieces:

1. 25.00 USD up to 50 pounds/23 kilograms and up to 62 linear inches/158 linear centimeters
2. 35.00 USD up to 50 pounds/23 kilograms and up to 62 linear inches/158 linear centimeters

ADDITIONAL ALLOWANCES AND/OR DISCOUNTS MAY APPLY DEPENDING ON FLYER-SPECIFIC FACTORS /E.G. FREQUENT FLYER STATUS/MILITARY/ CREDIT CARDFORM OF PAYMENT/EARLY PURCHASE OVER INTERNET,ETC

### Carry On Allowances

LGA to PHL , PHL to ORD , ORD to PHL , PHL to LGA - 2 Pieces (US - US AIRWAYS)

1 Piece carry on hand baggage

1 Piece up to 40 pounds/18 kilograms and up to 45 linear inches/115linear centimeters

## Payment/Fare Details

| | |
|---|---|
| **Form of Payment** | **CREDIT CARD - VISA : XXXXXXXXXXXX 5580** |
| Endorsement / Restrictions | STNDBY/CHG FEE/NO RFND/CXL BY FLT DT/ |
| Fare Calculation Line | NYC US X/PHL US CHI133.95US X/PHL US NYC152.56USD 286.51END ZPLGAPHLORDPHL XFLGA4.5 PHL4.5ORD4.5PHL4.5 |
| **Fare** | **USD 286.51** |
| **Taxes/Fees/Carrier-Imposed Charges** | **USD 21.49 US (US DOMESTIC TRANSPORTATION TAX)** |
| | **USD 15.60 ZP (SEGMENT TAX)** |
| | **USD 28.00 XT (COMBINED TAXES/FEES/CARRIER-IMPOSED CHARGES)** |
| **Total Fare** | **USD 351.60** |

**Positive identification required for airport check in**

**Notice:**

Carriage and other service provided by the carrier are subject to conditions of carriage, which are hereby incorporated by reference. These conditions may be obtained from the issuing carrier.

Important Legal Notices

Save as PDF          Print eTicket

# EXHIBIT 6

# KIMM LAW FIRM

333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
Tel 201-569-2880
Fax 201-569-2881

PLEASE RESPOND TO NJ

11 E. 44th Street, Suite 1400
New York, New York 10017
Writer's Email:

October 28, 2013

By fax: (312) 577-0928

Marcus Stephen Harris, Esq.
Marcus Stephen Harris, LLC
10 S. LaSalle Street, Suite 3500
Chicago, IL 60603-1025

Re: Sik Gaek, Inc. v. Yogi's II, Inc., and Daniel Kim; 13-CV-6624
EDNY No. 10-CV-4077 (ARR)(VVP)

Dear Mr. Harris:

This is to confirm that your deposition will be taking place tomorrow at your office, 10 S. LaSalle Street, Suite 3500, Chicago, IL 60603-1025, at 12:00 p.m.

If you have any questions, please contact me.

Very truly yours,

Thomas W. Park

Enc.
cc: Jim El Nabli, Esq. (By email)
Peter Y. Lee, Esq. (By email)

# KIMM LAW FIRM

333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NEW JERSEY 07632
TEL: 201-569-2880
FAX: 201-569-2881

PLEASE REPLY TO ENGLEWOOD CLIFFS

11 E. 44TH STREET, SUITE 1400
NEW YORK, NEW YORK 10017

## FAX COVER PAGE

ATTN: Marcus Stephen Harris, Esq.

FAX NO.: 312-577-0928

Re: Sik Gaek Inc. v. Yogi's II, Inc.10-CV-4077

DATE: October 28, 2013

TOTAL NUMBER OF PAGES (with cover): 2

NOTES:

**CONFIDENTIALITY NOTICE. This transmission is private, confidential and may be legally privileged. It is intended solely for the named recipient or an authorized representative. If you have received this transmission in error, please call us and we will arrange for pick up at our expense. THANK YOU.**

*********************
*** FAX TX REPORT ***
*********************

TRANSMISSION OK

| | |
|---|---|
| JOB NO. | 0114 |
| DESTINATION ADDRESS | 13125770928 |
| PSWD/SUBADDRESS | |
| DESTINATION ID | |
| ST. TIME | 10/28 12:06 |
| USAGE T | 00'47 |
| PGS. | 2 |
| RESULT | OK |

# KIMM LAW FIRM

333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NEW JERSEY 07632
TEL: 201-569-2880
FAX: 201-569-2881

11 E. 44TH STREET, SUITE 1400
NEW YORK, NEW YORK 10017

PLEASE REPLY TO ENGLEWOOD CLIFFS

## FAX COVER PAGE

ATTN: Marcus Stephen Harris, Esq.

FAX NO.: 312-577-0928

Re: Sik Gaek Inc. v. Yogi's II, Inc.10-CV-4077

DATE: October 28, 2013

TOTAL NUMBER OF PAGES (with cover): 2

NOTES:

**CONFIDENTIALITY NOTICE. This transmission is private, confidential and may be legally privileged. It is intended solely for the named recipient or an authorized representative. If you have received this transmission in error, please call us and we will arrange for pick up at our expense. THANK YOU.**

# EXHIBIT 7



MARCUS
STEPHEN
HARRIS LLC
TECHNOLOGY LAW

October 29, 2013
*mharris@mshtechlaw.com*

**VIA FACSIMILE**

Thomas Park, Esq.
Kimm Law Firm
11 E. 44th Street, Suite 1400
New York, NY 10017

**Re: Deposition of Marcus S. Harris**

Dear Mr. Park:

As preliminary matter, I attempted to email you this afternoon. However, the October 23 and October 28, 2013 letters you faxed to my office fail to include an email address in the section designated "sender's email address" on your letterhead. I then attempted to locate your email address on your law firm's website, but your firm does not appear to maintain an Internet presence.

Pursuant to our telephone conversation today at 12:40, I was out of the office last week on vacation when you faxed me your October 23 letter advising me of the Court's order scheduling my deposition for today at noon. I also did not receive your fax yesterday attempting to confirm the deposition until today.

In response to your phone call this afternoon I offered to meet you in my office this afternoon at 2pm to be deposed. I also offered to be deposed today via telephone. You explained to me that you needed to leave at 1pm to catch the EL to the airport to catch your flight and that you were not prepared to begin the deposition at 2pm today. I offered to drive you to the airport and you refused.

A simple phone call or email from you would have avoided the unnecessary time and expense we now must incur to reschedule my deposition. Regardless, I have every intention of complying with the court's order. I have organized documents that I believe are responsive to your document request in an electronic folder. Please provide me your email address so that I can provide you with a link to access that folder.



MARCUS
STEPHEN
HARRIS

I can be available this week to be deposed either telephonically or by video. Please propose times that work with your schedule. Note that the best way to reach me is via telephone or via email. I can be reached at my office at 312-263-0570. I can also be reached via email at mharris@mshtechlaw.com.

Sincerely,

Marcus Harris

# EXHIBIT 8

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 5.1.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:13-cv-06624

Sik Gaek, Inc. v. Kim et al
Assigned to: Honorable James F. Holderman
Case in other court: Eastern District of New York, 10-CV-4077
Cause: Civil Miscellaneous Case

Date Filed: 09/16/2013
Date Terminated: 09/16/2013
Jury Demand: None
Nature of Suit: 999 Miscellaneous Cases
Jurisdiction: Federal Question

**Plaintiff**

**Sik Gaek, Inc.**

represented by **Thomas W Park**
Kimm Law Firm
333 Sylvan Avenue
Suite 106
Englewood Cliffs, NJ 07632
201 569-2880
Email: tpark@kimmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Daniel Kim**

**Defendant**

**Yogi's II, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/16/2013 | 1 | MISCELLANEOUS CASE by Sik Gaek, Inc. Motion to enforce the subpoena served upon third-party witness Marcus Stephen Harris, Esq. Filing fee $ 46, receipt number 0752-8736780. (Attachments: # 1 Declaration Declaration of Thomas W. Park, Esq., in support of plaintiff's motion to enforce subpoena, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Kimm, Michael) (Entered: 09/16/2013) |
| 09/16/2013 | 2 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-8736926. (Kimm, Michael)(Document contains incorrect case number). (Docket Text Modified by Clerks Office.) Modified on 9/30/2013 (ea, ). (Entered: 09/16/2013) |
| 09/19/2013 | 3 | CIVIL Cover Sheet (Park, Thomas) (Entered: 09/19/2013) |

| | | |
|---|---|---|
| 09/19/2013 | 4 | MOTION by Plaintiff Sik Gaek, Inc. Appearing Pro Hac Vice previously filed, Receipt no. 0752-8736926 (Park, Thomas)(Document contains incorrect case number). (Docket Text Modified by Clerks Office.) Modified on 9/30/2013 (ea, ). (Entered: 09/19/2013) |
| 09/19/2013 | | CASE ASSIGNED to the Honorable James F. Holderman. Designated as Magistrate Judge the Honorable Jeffrey Cole. (ef, ) (Entered: 09/19/2013) |
| 09/30/2013 | 6 | DECLARATION of Steven Y. Ryu, on behalf of Yogi's Two Inc. Objection to motion to enforce a subpoena. (ea, ) (Entered: 10/02/2013) |
| 10/01/2013 | 5 | MINUTE entry before Honorable James F. Holderman: Application to appear for pro hac vice filed by Michael Kimm 2 is moot. Application to appear pro hac vice filed by Thomas Park 4 is granted. Attorney Thomas Park is given leave to appear as counsel for Plaintiff. Notice mailed by judge's staff (ntf, ) (Entered: 10/01/2013) |
| 10/07/2013 | 7 | MOTION by Plaintiff Sik Gaek, Inc. to enforce *the subpoena served upon third-party witness Marcus Stephen Harris, Esq.* (Park, Thomas) Modified on 10/22/2013 (ntf, ). (Entered: 10/07/2013) |
| 10/08/2013 | 8 | MINUTE entry before Honorable James F. Holderman: Status hearing set for 10/17/13 at 9:00 a.m. Notice mailed by judge's staff (ntf, ) (Entered: 10/08/2013) |
| 10/15/2013 | 9 | MINUTE entry before Honorable James F. Holderman: Plaintiff's "Motion to Enforce Subpoena" 7 is taken under advisement. Plaintiff is to file its reply to Steve Ryu's objection 6 on or before 10/22/13, explaining why: (1) no other means exist to obtain the information sought other than to depose Mr. Harris; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation Plaintiff's case. See Miyano Mach. USA, Inc. v. MiyanoHitec Mach., Inc., 257 F.R.D. 456, 464 (N.D. Ill. 2008) (Nolan, M.J.) (quoting Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986)). Status hearing date of 10/17/13 is stricken and no appearances are required. Court will rule electronically. Notice mailed by judge's staff (ntf, ) (Entered: 10/15/2013) |
| 10/21/2013 | 10 | MOTION by Plaintiff Sik Gaek, Inc. to strike declaration 6 (Attachments: # 1 Motion to Strike Declaration of Steve Y. Ryu, ECF 6, # 2 Declaration Declaration of Thomas W. Park, Esq., in Support of Plaintiffs Motion to Strike the Declaration of Steve Y. Ryu, ECF 6, # 3 Memorandum of Law in Support of Plaintiff's Motion to Strike the Declaration of Steve Y. Ryu, ECF 6)(Park, Thomas) (Entered: 10/21/2013) |
| 10/22/2013 | 11 | NOTICE of Motion by Thomas W Park for presentment of motion to strike, motion for relief,, 10 before Honorable James F. Holderman on 10/24/2013 at 09:00 AM. (Park, Thomas) (Entered: 10/22/2013) |
| 10/22/2013 | 12 | Letter by Sik Gaek, Inc. *to Hon. James F. Holderman, U.S.D.J. in response to ECF 9 regarding the Declaration of Steve Y. Ryu* (Park, Thomas) (Entered: 10/22/2013) |
| 10/22/2013 | 13 | MINUTE entry before Honorable James F. Holderman: On September 30, 2013, an objection to the pending motion to enforce subpoena was filed on behalf of Yogi's II, Inc., a/k/a Yogi's Two, Inc., by officer and shareholder Steve Y. Ryu 6 . Because Mr. |

| | | Ryu is not a licensed attorney, and "a corporation may appear in the federal courts only through licensed counsel," Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993), Sik Gaek, Inc.'s motion to strike the declaration of Steve Y. Ryu 10 is granted and the briefing schedule set by the court on 10/15/13 is vacated. No other objections to Sik Gaek's motion to enforce subpoena have been filed. The court therefore grants Sik Gaek's motion to enforce subpoena 7 and orders attorney Marcus Stephen Harris to appear for deposition at his own law offices, 10 S. LaSalle Street, Suite 3500, Chicago, IL 60603-1025, at 12:00 p.m. on 10/29/13 and to produce at that time the documents requested in Attachment A of the subpoena issued under this court's jurisdiction on 7/17/13 [1-2]. Motion hearing date of 10/24/13 is stricken. Notice mailed by judge's staff (ntf, ) (Entered: 10/22/2013) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/30/2013 16:02:16 | | | |
| **PACER Login:** | mk0583 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:13-cv-06624 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |