Case: 1:13-cv-06624 Document #: 29 Filed: 12/16/13 Page 1 of 4 PageID #:299

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

KIMM LAW FIRM
MICHAEL S. KIMM, ESQ. (MK4476)
THOMAS W. PARK, ESQ.
333 SYLVAN AVENUE, SUITE 106
ENGLEWOOD CLIFFS, NJ 07632
TEL: 201-569-2880
*Attorneys for plaintiff*

| | |
|---|---|
| SIK GAEK, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>YOGI'S II, INC., and DANIEL KIM,<br><br>        Defendants. | 1:13-CV-06624<br><br>**Declaration of Thomas W. Park, Esq., in Support of Plaintiff's Supplemental Application for Fees and Expenses Incurred in Connection with Witness Harris' Continued Failure to Comply with the Underlying Subpoena and Court Order** |

      THOMAS W. PARK, ESQ., declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

      1. I am an attorney for plaintiff in this matter and I make this declaration in support of plaintiff's supplemental application for fees and expenses incurred in connection with witness Harris' continued failure to comply with the underlying subpoena and Court Order.

      2. On October 30, 2013, plaintiff filed a motion to hold witness Harris in contempt

for failing to obey the Court Order of October 22, 2013, and sought sanctions against Harris for fees and expenses incurred in the amount of $6,860.10. ECF 14. Mr. Harris retained counsel Mr. Jerisat and Mr. Kostopoulos filed a set of purported opposition papers which caused plaintiff to incur more time and expense of addressing misinformation presented in those papers.

    3. Since that time, plaintiff has incurred further fees and expenses following from Harris' continued failure to comply with the Court Order.

    4. On December 13, 2013, the Court entered a text order encouraging the parties to resolve this matter amicably before the status hearing scheduled on December 17, 2013. I immediately telephoned Mr. Kostopoulos and reached out with a resolution offer. Plaintiff believes that this dispute will not be resolved without a ruling from the Court.

    5. Plaintiff previously advised the Court that the underlying case discovery cutoff was November 24, 2013. In light of the pendency of this contempt proceeding, the Eastern District of New York in the underlying action granted plaintiff's application to extend discovery through January 15, 2014, and so the Court should grant fees and costs and compel Mr. Harris to comply fully with the subpoena.

    6. Plaintiff has incurred the following fees and expenses: 1) 3.15 hours spent for review of witness Harris' opposition papers amounting to $787.50; 2) 6 hours spent for Reply declaration and memorandum of law in further support of plaintiff's motion for contempt (review of case file, review of ECF docket and previous filings, research for reply, drafting

2

declaration, drafting memorandum of law, filing the papers) amounting to $1,500.00; 3) 0.5 hours spent by Michael S. Kimm, Esq, the supervising attorney, with an hourly fee of $500.00, reviewing papers, amounting to $250.00; 4) 2 hours spent for Declaration in opposition to third-party witness Harris' motion to extend the time to reply to plaintiff's underlying motion amounting to $500.00; 5) 0.5 hours spent by Michael S. Kim, Esq., reviewing the declaration, amounting to $250.00; 6) The cost of the flight for attending the status hearing on December 17, 2013 was $607.80; 7) The expense for room for the night of December 16, 2013 was $66.04; 8) the expense for taking the CTA Blue Line from O'Hare International Airport to $8.00; 9) the fee for car service from my home to Laguardia International Airport and back home was $80.00; 10) the fee for tolls was $13.00 for the George Washington Bridge and $7.50 for the Tri-boro Bridge; 11) My hourly fee is $250.00 and the total hours expended to attend the status hearing were 14 hours, amounting to $3,500.00 in attorney's fees; 12) 3.25 hours for preparation for status hearing on December 17, 2013, amounting to $812.50; for a total amount of $8,382.34 incurred in connection with the Mr. Harris' continued failure to comply with the Court Order.

    7. Plaintiff would not have incurred the foregoing fees and expenses had Mr. Harris simply complied with the underlying subpoena and Order.

Dated: Englewood Cliffs, NJ
      December 16, 2013                      /s/ Thomas W. Park
                                                             Thomas W. Park

Certificate of Service

Thomas W. Park, Esq., certifies the foregoing was served as follows:

By ECF

    Martin E. Jerisat
    Jerisat Law Firm
    10 S. LaSalle St., Ste. 3500
    Chicago, IL 60603

    Gus Kostopoulos
    Kostopoulos Law Group
    2625 Butterfield Rd., Ste. 138S
    Oak Brook, IL 60523

    Attorneys for Marcus Stephen Harris

Dated: December 16, 2013        /s/ Thomas W. Park
                                                    Thomas W. Park